USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-30-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE DYE,

                      Plaintiff,

        - against -

THE CITY OF NEW YORK, et al.,

                      Defendants.

**REPORT AND
RECOMMENDATION**

09 Civ. 2460 (RJS) (RLE)

To the HONORABLE RICHARD J. SULLIVAN, U.S.D.J.:

## I. INTRODUCTION

On May 18, 2009, *Pro Se* Plaintiff George Dye filed his Complaint against the City of New York and Warden Joandrea Davis, alleging violations of his Fourth Amendment rights against unreasonable search and seizure. He seeks unspecified monetary damages, as well as injunctive relief. Before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, I recommend that the motion be **GRANTED,** and Dye's Complaint be **DISMISSED** for failure to state a claim.

## II. BACKGROUND

On December 14, 2008, Dye was incarcerated at the George Motchan Detention Center ("GMDC") at Rikers Island. He alleges that at approximately 8:00 a.m. that day a strip search was conducted of all inmates in the facility, in view of the facilities cameras. (Compl. at 3.) He does not allege any injuries resulting from the search. (*Id.*) Dye filed a grievance with the Rikers Island Inmate Grievance Resolution Committee ("IGRC"), which found that privacy screens had been used during the search, but alerted the authorities to ensure that screens were placed properly in the future. (Compl., Ex. A.)

## III. DISCUSSION

### A. Motion to Dismiss Standard

In deciding a motion to dismiss under Rule 12(b)(6), the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In addition, under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the court must also apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original); *see Elektra Entertainment Group, Inc. v. Santangelo*, 2008 WL 4452393, at *2 (S.D.N.Y. Oct 1, 2008). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to defeat a motion to dismiss. *Twombly*, 550 U.S. at 570; *see Johnson & Johnson v. Guidant Corp.*, No. 06 Civ. 7685 (GEL), 2007 WL 2456625, at *4 (S.D.N.Y. Aug. 29, 2007)).

Where a plaintiff is *pro se*, the court should apply "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Moreover, in deciding a motion to dismiss involving a *pro se* plaintiff, the court can look beyond the "four corners of the complaint" to all the pleadings before the court, including the plaintiff's opposition papers. *Pagan v. New York State Div. of Parole*, No. 98 Civ. 5840 (FM), 2002 WL 398682, at *3 (S.D.N.Y. Mar. 13, 2002); *Amaker v. Haponik*, No. 98 Civ. 2663 (JGK), 2000 WL 343772, at *1 (S.D.N.Y. Mar. 31, 2000); *see also Burgess v. Goord*, No. 98 Civ. 2077 (SAS), 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999).

## B. Any Claim for Monetary Relief is Barred by the Prison Litigation Reform Act

Section 1997e(e) of the Prison Litigation Reform Act ("PLRA") states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.S. § 1997e(e). As a result, "[c]ourts have consistently held that section 1997e(e) bars prisoner civil rights suits seeking damages for constitutional violations where the inmate-plaintiff suffers only emotional and mental injury." *Cox v. Malone*, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 2002). Here, Dye did not allege any injury in his Complaint (Compl. at 3), and acknowledged in a notice of claim filed with the New York City Comptroller's Office that he had suffered no physical injuries. (*Id.*, Ex. B.) As a result, to the extent that Dye seeks compensatory damages, his claim is barred by the PRLA and his Complaint should be **DISMISSED**.

## C. Dye Fails to Allege a Constitutional Violation

Dye's claims, either for injunctive or monetary relief, are also barred by the fact that he fails to allege behavior that rises to the level of a constitutional violation. "The Fourth Amendment prohibits only unreasonable searches." *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). The Second Circuit has ruled that strip searches and even body-cavity searches are permissible when related to legitimate penological goals. *See Covino v. Patrissi*, 967 F.2d 73, 79 (2d Cir. 1992) ("although inmates do possess a limited right to bodily privacy, some aspects of that right must yield to searches for contraband, even random visual body-cavity searches, so that prison administrators may maintain security and discipline in their institutions"). In this case, Dye alleges that the strip search was performed in front of cameras that monitored the housing facility. The Second Circuit has not explicitly ruled on whether videotaping strip searches

3

removes them from the realm of constitutionality, although a handful of cases in this Circuit have used videotapes of strip searches as evidence without expressing a concern regarding their constitutionality. *See, e.g., Powell v. Cusimano*, 326 F. Supp. 2d 322, 336 (D. Conn. 2004); *Malik v. Miller*, 679 F.Supp. 268, 270 (W.D.N.Y. 1988). A number of courts in other jurisdictions, however, have ruled that videotaping strip searches in jails does not violate inmates' constitutional rights. *See, e.g., Hayes v. Marriott*, 70 F.3d 1144, 1148 n. 5 (10th Cir. 1995); *Scott v. Gier*, No. 93-35629, 1994 WL 283621 (9th Cir. June 24, 1994); *Johnson v. White*, No. Civ.A. 3:03CV919, 2004 WL 3222733 at *2 (E.D. Va. Aug. 19, 2004). As Dye has not alleged any specific injury that arose from the videotaping of the strip searches in this case, and in light of the evidence that screens were used during the strip search, the presence of the cameras does not raise this search to the level of a constitutional violation. Accordingly, Defendants' motion to dismiss should be **GRANTED** and Dye's complaint should be **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above, I recommend that the motion to dismiss be **GRANTED,** and Dye's Complaint be **DISMISSED** for failure to state a claim.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard J. Sullivan, 500 Pearl Street, Room 640, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States

Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

Dated: March 29, 2011
New York, New York

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

**Copies of this Report and Recommendation were sent to:**

<u>Pro Se Plaintiff</u>
George Dye
09-A-3452
Downstate Correctional Facility, Box F
Red Schoolhouse Road
Fishkill, NY 12524

<u>Counsel for Defendants</u>
Morgan D. Kunz
Corporation Counsel of the City of New York
100 Church Street, Room 3-178
New York, NY 10007